Filed 12/31/25  In re A.B. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re A.B. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E086756 |
| Plaintiff and Respondent, | (Super.Ct.Nos. J298182 & J298183) |
| v. | OPINION |
| A.B., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steven A. Mapes, Judge.  Affirmed in part; conditionally reversed in part.

Jack A. Love, under appointment by the Court of Appeal, for Defendant and Appellant, A.B.

Laura Feingold, County Counsel, and David R. Guardado, Deputy County Counsel, for Plaintiff and Respondent.

1

## I. INTRODUCTION

On August 21, 2025, the juvenile court held a hearing pursuant to Welfare and Institutions Code[1] section 366.26 and terminated the parental rights of A.B. (Mother) with respect to her two children, Am.B. and A.S. Mother appeals from the orders terminating her parental rights, arguing only that San Bernardino County Children and Family Services (CFS) failed to comply with its duty of inquiry under the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes. Specifically, Mother argues that: (1) CFS failed to conduct an adequate inquiry of maternal relatives; and (2) CFS failed to conduct an adequate inquiry related to the paternal relatives of A.S.[2]

We conclude that the record is sufficient to support a finding that CFS conducted a reasonable ICWA inquiry with respect to Am.B. However, CFS concedes, and we agree, that the record is inadequate to support a finding that CFS complied with its duty of inquiry with respect to the paternal relatives of A.S. As such, we conditionally reverse the order terminating Mother's parental rights to A.S.

## II. FACTS AND PROCEDURAL HISTORY[3]

Mother has two biological children from different fathers: Am.B. and A.S. The

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2] Am.B. and A.S. have different fathers.

[3] Because the only issue raised on appeal is the adequacy of CFS's ICWA inquiries, we summarize only the evidence and proceedings relevant to this issue.

children were initially detained in August 2023. The detention report documents that CFS conducted an ICWA inquiry of Mother, Am.B.'s father, A.S.'s father, and a maternal aunt, who all denied any Indian ancestry at the time. The report also indicated that A.S.'s father currently resided out of state with A.S.'s paternal grandmother. At the detention hearing, Mother, both fathers, and the maternal aunt reaffirmed their denials of any knowledge of Indian ancestry upon direct inquiry by the juvenile court.[4] Mother and Am.B.'s father also completed ICWA-020 forms reaffirming this denial.

In September 2023, CFS filed a jurisdictional and dispositional report. According to the report, the children were placed with a second maternal aunt. The report also noted that mother stated that maternal grandmother lived abroad in Belize. The report also noted that A.S.'s father identified paternal grandparents and two paternal uncles as his current support network but did not document any efforts to contact any of these individuals in order to conduct an ICWA inquiry. In an addendum report, CFS noted it had conducted an ICWA inquiry of Am.B.'s paternal grandparents, and both denied any Indian ancestry.

In April 2025, CFS submitted an additional information report to the juvenile court. CFS reported that it conducted further ICWA inquiries in April 2025. Am.B.'s father, A.S.'s father, and two maternal aunts all denied knowledge of any Native American ancestry. A third maternal aunt stated she was uncertain whether she had Native American ancestry but had no specific information to provide. Finally, CFS

---

[4] Mother and Am.B.'s father also completed ICWA-020.

documented two unsuccessful attempts to contact the maternal grandmother, noting the social worker left a message requesting a return call on each occasion but had never received any response.

The additional information report also noted that Mother now stated that she was "not sure" if she had Native American ancestry because she now recalled the maternal grandfather had previously made statements suggesting he had Native American ancestry, and Mother had never taken any tests to definitively rule out the possibility. However, when the social worker asked for contact information related to maternal grandfather, Mother reported that (1) maternal grandfather was deceased; (2) Mother did not know maternal grandfather's date of birth; (3) Mother did not have any specific information linking maternal grandfather to any specific tribal entity; and (4) Mother "does not have contact with anyone who would have known" maternal grandfather.

In its section 366.26 report, CFS documented that, in response to Mother's indication she may have Indian ancestry through the maternal grandfather, CFS sent written correspondence to the Bureau of Indian Affairs with the known identifying information for the maternal grandfather in June 2025. CFS received confirmation that the correspondence was received by the Bureau of Indian Affairs, but CFS had not yet received a response. The juvenile court held a section 366.26 hearing in August 2025, made findings that ICWA did not apply, and terminated Mother's parental rights as to Am.B. and A.S.

# III.  DISCUSSION

On appeal, the only claim of error raised by Mother is that CFS failed to comply with its duty of inquiry under ICWA and related California statutes.  Specifically, Mother argues that CFS failed to conduct an adequate inquiry of maternal relatives, as well as an adequate inquiry of A.S.'s paternal relatives.  As we explain below, we conclude that the juvenile court did not abuse its discretion in finding that an adequate ICWA inquiry had been conducted with respect to Am.B., but we conclude that the record is insufficient to support the juvenile court's finding with respect to A.S.

## A.  *Legal Background and Standard of Review*

"Congress enacted ICWA in 1978 to address concerns regarding the separation of Indian children from their tribes through adoption or foster care placement, usually in non-Indian homes.  [Citation.]  ICWA established minimum standards for state courts to follow before removing Indian children from their families and placing them in foster care or adoptive homes."  (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1048.)

Section 224.2 of the Welfare and Institutions Code "creates three distinct duties regarding ICWA in dependency proceedings.  First, from the [Department's] initial contact with a minor and his family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child.  [Citation.]  Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the [Department] 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.'  [Citation.]  Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice

5

requirements of section 224.3 apply." (*In re D.S.*, *supra*, 46 Cal.App.5th at p. 1052; § 224.2)

Following the inquiry stages, the juvenile court may make a finding that ICWA does not apply because the department's inquiry and due diligence was " 'proper and adequate' but no 'reason to know' whether the child is an Indian child was discovered." (*In re D.S.*, *supra*, 46 Cal.App.5th at p. 1050.) "The finding implies that notice to a tribe was not required because social workers and the court did not know or have a reason to know the [dependent] children were Indian children and that social workers had fulfilled their duty of inquiry." (*In re Austin J.* (2020) 47 Cal.App.5th 870, 885, overruled in part by *In re Dezi C.* (2024) 16 Cal.5th 1112, 1152.) " ' "On a well-developed record, the [juvenile] court has relatively broad discretion to determine whether the agency's inquiry was proper, adequate, and duly diligent on the specific facts of the case." ' " (*In re Dezi C.*, at p. 1141.)

Generally, an ICWA finding by the juvenile court will turn on (1) whether social workers conducted an inquiry of extended family members whom they were already investigating as part of their usual course of work (*In re S.S.* (2023) 90 Cal.App.5th 694, 704-705; *In re H.B.* (2023) 92 Cal.App.5th 711, 720); and (2) whether the record was sufficient to support a reasonable conclusion that the inquiry " 'has reliably answered the question at the heart of the ICWA inquiry:  Whether a child involved in a proceeding "is or may be an Indian child." ' " (*In re H.B.*, at p. 720.)  As our Supreme Court has explained:  "If, upon review, a juvenile court's findings that an inquiry was adequate and proper and ICWA does not apply are found to be supported by sufficient evidence and

record documentation as required by California law [citation], there is no error and conditional reversal would not be warranted even if the agency did not inquire of everyone who has an interest in the child." (*In re Dezi C.*, *supra*, 16 Cal.5th at p. 1141.)

"[W]e review the juvenile court's ICWA [factual] findings under the substantial evidence test, which requires us to determine if reasonable, credible evidence of solid value supports the court's order." (*In re A.M.* (2020) 47 Cal.App.5th 303, 314, disapproved on other grounds in *In re Dezi C.*, *supra*, 16 Cal.5th at p. 1152, fn. 18; *In re Austin J.*, *supra*, 47 Cal.App.5th at p.885 [implicit finding that social workers fulfilled their duty of inquiry and is reviewed for substantial evidence].) However, after *Dezi C.*, we review a juvenile court's determination that the ICWA inquiry was adequate for abuse of discretion. (*In re Dezi C*, at p. 1141.)

B. *Application*

With respect to Am.B., the only claim raised in this appeal is that CFS failed to conduct an adequate inquiry of maternal family members to investigate Am.B.'s potential Native American ancestry.[5] However, the record shows that CFS made an effort to contact every maternal family member for whom it had contact information. Mother and three maternal aunts all denied any knowledge of Native American ancestry; and the

---

[5] The record shows that CFS inquired of Am.B.'s father, who denied any knowledge of Native American ancestry and declined to identify any relatives in his ICWA-020 or family find forms. The only other paternal relative identified in the record was the paternal grandfather, who also denied any knowledge of Native American ancestry to a social worker. Mother's opening brief does not argue that the inquiry into Am.B.'s paternal heritage was inadequate or identify any additional paternal family members whom she believes CFS should have contacted to conduct an ICWA inquiry.

maternal grandmother did not respond, even after being contacted more than once with messages requesting a return call. While Mother subsequently suggested the possibility of such ancestry based upon her recollection of statements made by the maternal grandfather, she disclosed that maternal grandfather was deceased and that she "does not have contact with anyone who would have known" the maternal grandfather. Despite having only a vague suggestion of potential Native American ancestry through this already deceased family member, CFS sent correspondence to the Bureau of Indian Affairs with the known identifying information for the maternal grandfather but did not receive a response.

On this record, we cannot find an abuse of discretion in the juvenile court's determination that the ICWA inquiry was adequate as to Am.B. Where the relevant child welfare agency has "contacted every person its interviewees identified as a likely source of information about ancestry. The juvenile court ha[s] an adequate basis on which to conclude the Department fulfilled its inquiry obligations . . . , and that neither the Department nor the court had reason to know or believe that [a dependent child] is an Indian child." (*In re H.B.*, *supra*, 92 Cal.App.5th at p. 721.) The record shows that CFS actually contacted or attempted to contact each maternal family member for whom it had contact information, and these attempts revealed no information to suggest a reason to believe or a reason to know that Am.B. was an Indian child. And Mother has not suggested what additional steps CFS could have taken to further its investigation of maternal relatives other than waiting for the uncertain possibility that the Bureau of Indian Affairs might formally respond to their written correspondence. Thus, we

8

conclude that the juvenile court did not abuse its discretion in finding that ICWA did not apply to Am.B., and reversal of the order terminating parental rights as to Am.B. is not warranted on this basis.

With respect to A.S., CFS concedes, and we agree, that the record is inadequate to support the juvenile court's finding that ICWA does not apply. While the juvenile court orally inquired of A.S.'s father whether he had Native American ancestry at the time of the detention hearing, it also specifically asked the department to obtain completed ICWA-020 and Family Find forms from him. The record does not show that A.S.'s father was ever asked to complete these forms, which would have asked him to identify any known family members who might have had knowledge of A.S.'s potential status as an Indian child. Because no such responses exist in the record, the juvenile court could not have determined whether family members existed who needed to be contacted before concluding that any ICWA inquiry was adequate. Further, the record later discloses the identity of a paternal grandmother and two paternal uncles, but there are no documented efforts to contact any of them to conduct an ICWA inquiry.

Because the record does not contain any documented efforts to conduct an ICWA inquiry of A.S.'s paternal family members beyond A.S.'s father, the juvenile court abused its discretion in finding that ICWA did not apply to A.S. And error resulting in an inadequate ICWA inquiry "requires conditional reversal with directions for the child welfare agency to comply with the inquiry requirement of section 224.2, document its inquiry in compliance . . . , and when necessary, comply with the notice provision of section 224.3." (*In re Dezi C.*, *supra*, 16 Cal.5th at p. 1136; *In re Kenneth D.* (2024)

9

16 Cal.5th 1087, 1102 ["[W]here the parties do not dispute that the ICWA inquiry was inadequate, [a juvenile court's finding] cannot stand."].)[6]

## IV. DISPOSITION

The order terminating Mother's parental rights with respect to Am.B. is affirmed. The order terminating Mother's parental rights with respect to A.S. is conditionally reversed and remanded to the juvenile court for compliance with the inquiry and notice requirements of sections 224.2 and 224.3 and the documentation provisions of Rules of Court, rule 5.481(a)(5). If the juvenile court thereafter finds that a proper and adequate further inquiry and due diligence have been conducted and concludes ICWA does not apply, then the juvenile court shall reinstate the order terminating parental rights. If, instead, the juvenile court concludes ICWA applies, then it shall proceed in conformity with ICWA and California implementing provisions. (See 25 U.S.C., § 1912, subd. (a); §§ 224.2, subd. (i)(1), 224.3, 224.4.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
           J.

We concur:

RAMIREZ
     P. J.

McKINSTER
     J.

---

[6] In light of *In re Dezi C.*, *supra*, 16 Cal.5th 1112, we disagree with Mother's suggestion that an inadequate ICWA inquiry requires reversal of the order terminating parental rights in order to conduct a new section 366.26 hearing. Instead, the appropriate disposition when an ICWA inquiry is inadequate is a conditional reversal with directions to comply with the statutory duties of inquiry.